**KAZEROUNI LAW GROUP, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@kazlg.com
2221 Camino Del Rio, Suite 101
San Diego, CA 92108
Tel.: (619) 233-7770
Fax:  (619) 297-1022

*Attorneys for Plaintiff*
Steven Kurtz

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN KURTZ,<br><br>Plaintiff,<br><br>v.<br><br>**AMERICAN HONDA FINANCE CORPORATION; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANSUNION, LLC,**<br><br>Defendants. | **Case No: 2:20-cv-04999**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF**<br><br>1. **Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq.; and**<br>2. **California Consumer Credit Reporting Agencies Act, Cal. Civ. Code §1785.3 et seq.**<br><br>**JURY TRIAL DEMANDED** |

*(Left margin, vertical text):* KAZEROUNI LAW GROUP, APC  2221 CAMINO DEL RIO SOUTH SUITE 101  SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

**INTRODUCTION**

1. Congress has found the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to insure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Similarly, the California Legislature has found that the banking system is dependent upon fair and accurate credit reporting. As such, California enacted the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 *et seq*. ("CCCRAA") to ensure fairness, impartiality, and to protect consumer privacy. The CCCRAA imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

3. Plaintiff Steven Kurtz ("Plaintiff"), through his attorneys, brings this action to challenge the actions of American Honda Finance Corporation ("Honda"), Experian Information Solutions, Inc. ("Experian"), and TransUnion, LLC ("TransUnion) (collectively "Defendants") resulting from their illegal actions in reporting erroneous negative and derogatory information on Plaintiff's credit reports, as that term is defined by 15 U.S.C § 1681a(d).

4. More specifically, Plaintiff brings this Complaint for damages arising out of the issuance of erroneous and false credit reports by Defendants. Defendants have

erroneously and falsely reported remaining financial obligations on account(s) that have been closed, discharged, and initially disputed.

5. Plaintiff makes these allegations on information and belief, with the exception of allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants occurred in California.

8. Any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

## JURISDICTION & VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, and 28 U.S.C. § 1367 for supplemental state claims.

11. Because Defendants conduct business within the State of California, personal jurisdiction is established.

12. Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants' personal jurisdiction in this district have been established.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

### PARTIES & DEFINITIONS

13. Plaintiff is a natural person who resides in the City of Calabasas, County of Los Angeles, State of California. Plaintiff is also a "consumer," as that term is defined by 15 U.S.C. § 1681a(c) and Cal. Civ. Code § 1785.3(b).

14. Defendant Honda is incorporated in the State of California and holds its place of operations in the City of Torrance, State of California.

15. As a partnership, corporation, association, or other entity, Honda is a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).

16. Honda is a furnisher of information as contemplated by FCRA sections 1681s-2(a)&(b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies ("CRAs"), about consumer transactions or experiences with any consumer

17. Defendant Experian is an Ohio corporation with its headquarters located in the State of Ohio.

18. Defendant TransUnion is a Delaware limited liability company.

19. Experian and TransUnion (collectively the "Credit Bureaus") are nationwide Credit Bureaus that report information regarding individual consumer credit files as part of their regular business practices, and thus are each a "consumer reporting agenc[ies]" ("CRAs") as that term is defined by 15 U.S.C. § 1681a(f).

20. The Credit Bureaus regularly assemble and/or valuate consumer credit information for the purpose of furnishing consumer reports to third parties and use interstate commerce to prepare and/or furnish the reports.

21. The causes of action herein pertains to Plaintiff's "consumer credit report" as that term is defined by 15 U.S.C. § 1681a(d) and Cal. Civ. Code § 1785.3(c), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor

in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

### FACTUAL ALLEGATIONS

22. On or around June 21, 2012, Plaintiff incurred a financial obligation (the "Debt") to Honda. This purported financial obligation arose from the financing of an automobile lease that Honda extended to Plaintiff, and specifically pertain to repairs and/or damage claims asserted by Honda after the leased vehicle was returned by Plaintiff.

23. Although Plaintiff disputed the allegedly owed balance and charges, in June of 2016, Honda charged-off the Debt.

24. The reporting also showed that Plaintiff's disputed Debt was previously delinquent, and the date of first delinquency was several months preceding June 2016.

25. In or about February 2020, Plaintiff and his wife, Leslie Kurtz, received exciting news from Wells Fargo that they may qualify to consolidate their home loan with their home equity line of credit loan based on their positive history of payment with Wells Fargo, and internal credit criteria established by Wells Fargo. .

26. Plaintiff and his wife, eager to take advantage of this opportunity, applied to refinance the loan.

27. Wells Fargo pulled credit history information on Plaintiff from the Bureaus as part of its due diligence in evaluating Plaintiff and his wife's worthiness for refinancing.

28. On February 20, 2020, Plaintiff and his wife were confused and upset to learn that their application to refinance with Wells Fargo had been denied solely due to recent delinquencies that appeared on Plaintiff's credit report.

29. Plaintiff was shocked and incensed to find that Wells Fargo had based their denial on an alleged past due account with Honda which had re-appeared on Plaintiff's credit report with the new dates of first delinquencies depicting "30", "60" and "90" days late July, August, September 2019.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

30. Plaintiff promptly ordered a full credit history from the Credit Bureaus.

31. On March 5, 2020, when Plaintiff reviewed his credit report from the Credit Bureaus, and discovered numerous errors in Honda's reporting of Plaintiff's account, and false misrepresentation that Plaintiff was still actively missing payments on the account with Honda which Plaintiff disputed, but had been closed *and* charged off in 2016.

32. However, now the credit reporting was depicting the charge off in 2019 (as opposed to 2016), despite this account being closed since 2016 and charged off as of 2016.

33. On Plaintiff's Equifax Information Services, LLC ("Equifax") credit report, it was reported that almost three years after Plaintiff's June 2016 charge-off with Honda, Honda falsely reported a thirty (30) days late notation on July of 2019. Further, it was reported that in August of 2019 and September of 2019, there were a reported sixty (60) and ninety (90) days late notations, respectively.

34. Additionally, Equifax reported that there were additional charge-offs on Plaintiff's account with Honda each month from October 2019 to February 2020.

35. On Plaintiff's Experian credit report, Experian also reported charge-offs on Plaintiff's Honda account each month from November 2019 to March 2020. In addition, Experian reported a charge-off both on May and June of 2016.

36. Lastly, on Plaintiff's TransUnion report, TransUnion also erroneously reported a charge-off to Plaintiff's Honda account, on each month between November 2019 and February 2020.

37. All of this detrimental reporting by Honda caused Plaintiff's credit score to drop; Plaintiff's credit score fell to 659 for Experian, 662 for TransUnion, and 663 for Equifax as a result of the new reporting of "charge offs," 30, 60, and 90 days delinquencies, and the re-appeared new dates of first delinquencies on the account.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

38. Prior to 2019, despite the "charged off" of account in 2016, Plaintiff's overall credit score was in good standing, and had much higher prior to Honda's new reported errors and delinquencies, which were entirely false.

39. Encouraged to have this erroneous reporting remedied, on March 31, 2020, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff mailed Equifax, Experian, and TransUnion, and disputed regarding the incorrect information reported by Honda to each Credit Bureaus. Within these disputes, Plaintiff explained the June 2016 charge-off to his account and Honda's mistaken reports.

40. Moreover, Plaintiff requested the Credit Bureaus to remove the erroneous information and correct the reporting to show that it was charged off in 2016, and not 2019, and correctly show the time of the first delinquency.

41. In response to these disputes, the Credit Bureaus were required to conduct a reasonable investigation into this specific account on Plaintiff's consumer reports pursuant to 15 U.S.C. § 1681s- 2(b)(1)(A).

42. However, despite Plaintiff's mailed disputes, the Credit Bureaus failed to reasonably investigate and refused to correct the inaccurate information and continued to report the erroneous charge-offs.

43. Equifax altered Plaintiff's credit score to correctly reflect the account information as Plaintiff requested. The remaining Credit Bureaus refused to correct their erroneous reporting.

44. By continuing to inaccurately report account information relating to the Account after notice of its error, the Credit Bureaus failed to take the appropriate measures as required under the FCRA, 15 U.S.C. §1681i and 15 U.S.C. § 1681s-2(b)(1)(D) and (E).

45. Further, upon receiving Plaintiff's dispute, the Credit Bureaus failed to conduct a reasonable investigation with respect to the disputed information as required by the FCRA, 15 U.S.C. § 1681s-2(b)(1)(A), and by failing to remove and/or correct the disputed and incorrect information.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

46. Due to the Credit Bureau's failure to reasonably investigate, TransUnion, and Experian, further failed to correct and update Plaintiff's information as required by the FCRA, 15 U.S.C. § 1681s-2(b)(1)(D) and (E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

47. Further, the FCRA, 15 U.S.C. § 1681s-2(a)(a)(A), prohibits a person from furnishing information relating to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

48. The FCRA, 15 U.S.C. § 1681s-2(a)(2), provides that a person who (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer, and (B) has furnished to a consumer reporting agency information that the person determines is not complete and accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains incomplete or inaccurate.

49. Honda regularly and in the ordinary course of business furnished information to one or more consumer reporting agencies about Honda's purported transactions or experiences with Plaintiff and consumers.

50. On its own accord, Honda originally charged-off Plaintiff's account on June 2016, however Honda furnished multiple charge-offs on Plaintiff's account to the Credit Bureaus, such information was blatantly false and inaccurate.

51. Further, Honda's the failure to report information consistent with Plaintiff's June 2016 charge-off  was a violation CCCRA. Honda furnished information to the Credit Bureaus, credit reporting agencies, that it had reason to know or should have known was inaccurate. By furnishing as it did, Honda violated California Civil Code section 1785.25(a).

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

52. Honda's acts and practices constitute violations of the FCRA, 15 U.S.C. § 1681s-2(a)(2) and the CCCRAA, Cal. Civ. Code § 1785.25(b).

53. Overall, Defendants' inaccurate information regarding Plaintiff's account affects Plaintiff's' rights to be able to apply for credit based on accurate information have been violated, placing Plaintiff at increased risk of not being able to obtain valuable credit and adversely affecting Plaintiff's livelihood.

54. As a further direct and proximate result of Defendants' acts stated herein, Plaintiff incurred pain and suffering, was impeded in seeking necessary products and services from vendors, suffered humiliation, embarrassment, anxiety, frustration, and emotional distress.

55. As a direct and proximate result of result of Defendants' willful and untrue conduct, Plaintiff has suffered actual damages including, but not limited to, reviewing credit reports, sending dispute letters, attorney's fees, and such further expenses in an amount to be determined at trial.

### FIRST CAUSE OF ACTION

### VIOLATION OF THE FAIR CREDIT REPORTING ACT

### 15 U.S.C. § 1681, *et seq.*

### [As to all Defendants]

56. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

57. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including, but not limited to, each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 et seq.

58. As a result of each and every negligent noncompliance of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant individually.

59. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow, pursuant to 15 U.S.C. § 1681n(a) (2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant individually.

### SECOND CAUSE OF ACTION

### VIOLATION OF THE CALIFORNIA CREDIT REPORTING AGENCIES ACT

### Cal. Civ. Code § 1785.1, *et seq.*

### [As to Honda only]

60. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. The foregoing acts and omissions constitute numerous and multiple violations of the CCCRAA.

62. In the regular course of its business operations, Defendant Honda routinely furnishes information to credit reporting agencies pertaining to transactions between Honda and Honda's purported consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

63. Because Honda is a partnership, corporation, association, or other entity, and are therefore a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Honda is and always will be  obligated to not furnish nor report information on a specific transaction or experience if it knew or should have known that the information was incomplete or inaccurate, as required by Cal. Civ. Code §§1785.25(a) and 1785.16.

64. The foregoing acts and omissions constitute numerous and multiple violations of the CCCRAA.

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108

65. As a result of each and every violation of the CCCRAA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1785.31(a)(2) (A); punitive damages pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Respondent, and Plaintiff be awarded damages from Respondent as follows:

### FIRST CAUSES OF ACTION
### FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *et seq.*

- Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);
- Statutory damages of $1,000.00 per violation, pursuant to 15 U.S.C. § 1681n(a)(1);
- Punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);
- Attorney fees and costs to maintain the instant action, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);
- Any other relief deemed just and proper including interest.

### SECOND CAUSES OF ACTION
### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### Cal. Civ. Code § 1785.1, *et seq.*

- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A);
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1785.31(d); and
- Any and all other deemed just and proper.

**TRIAL BY JURY**

66. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Dated: June 4, 2020

**Kazerouni Law Group, APC**

By: *s/ Yana A. Hart*
    Yana A. Hart, Esq.
    Email: yana@kazlg.com
    Attorneys for Plaintiff

KAZEROUNI LAW GROUP, APC
2221 CAMINO DEL RIO SOUTH SUITE 101
SAN DIEGO, CA 92108